UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00011-MOC

| | |
|---|---|
| **CARLA ELWANDA KEY,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, Doc. No. 6, and on Defendant Commissioner's Motion for Summary Judgment, Doc. No. 8. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative review decision on her application for disability insurance benefits and supplemental security income. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED**, Defendant's Motion for Summary Judgment is **DENIED**, and this matter is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

### I. ADMINISTRATIVE HISTORY

On December 23, 2020, Carla Elwanda Key ("Plaintiff") applied for Title II Disability Insurance benefits and Title XVI Supplemental Security Income benefits, alleging disability beginning September 23, 2020. (Administrative Transcript ("Tr.") at 67, 78). She was forty-eight years old as of her alleged onset date and has since been classified as an individual closely approaching advanced age. (Tr. 67). Plaintiff has a high school education and reports past work as an administrative assistant, boathouse manager, hostess, and secretary. (Tr. 26). Her date last insured for Title II benefits is June 30, 2024. (Tr. 67, 78).

Plaintiff's applications were denied initially and upon reconsideration. (Tr. 126–45). Upon Plaintiff's request, a hearing was held before the ALJ on May 12, 2022. (Tr. 38). Following the hearing, the ALJ issued an unfavorable decision, dated June 24, 2022. (Tr. 9). Plaintiff's request for review was denied by the Appeals Council on November 29, 2022, making the ALJ's decision the final determination of the Commissioner. (Tr. 1).

Plaintiff initiated this action challenging that decision pursuant to 42 U.S.C. §§ 405(g), 1383(c). The Commissioner has answered Plaintiff's complaint, and this case is now before the Court for disposition of the parties' cross-motions for summary judgment.

## II.     FACTUAL BACKGROUND

Plaintiff alleges disability due to migraine headaches, hypertension, obesity, and depression and anxiety. (Tr. 15–16). Among other ailments Plaintiff's medical records document migraine headaches, hypertension, obesity, depression, anxiety, kidney stones, right pole renal cyst, nonobstructing bilateral renal calculi without hydronephrosis, perinephric straining, or perinephric fluid, urinary incontinence, severe grass pollen allergy and milk allergy, GERD, dysphagia, and external hemorrhoid. (Tr. 15–18).

The ALJ followed the five-step sequential evaluation used by the Social Security Administration in his analysis of Plaintiff's alleged disability. See 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 23, 2020, Plaintiff's alleged disability onset date. (Tr. 15). At step two, the ALJ determined Plaintiff had the following medically determinable and severe impairments: migraine headaches, hypertension, and obesity. (Id). The ALJ further found Plaintiff's "medically determinable mental impairment of depression with anxiety" to be non-severe. (Tr. 18). In making this finding about mental impairment, the ALJ considered the four broad functional areas

of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments. (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria, and are the complainant's functional limitations in: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a(3). The ALJ determined that Plaintiff has mild limitations in all four paragraph B functional areas. (Id.). At step three, the ALJ concluded that, during the relevant period, none of Plaintiff's impairments, nor any combination thereof, met or medically equaled one of the conditions in the Listing of Impairments at 20 C.F.R. 404, Subpart P, Appendix I. (Tr. 20).

Before proceeding to step four, the ALJ determined Plaintiff's residual functional capacity ("RFC"). Specifically, the ALJ found that Plaintiff had the RFC to perform a range of light work with additional limitations, as defined in 20 C.F.R. § 404.1567(b). (Tr. 21). At step four, the ALJ found that Plaintiff could perform any past relevant work. (Tr. 26). At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and therefore Plaintiff was not disabled within the meaning of the Act from September 23, 2020, Plaintiff's alleged disability onset date, through June 24, 2022, the ALJ's decision date. (Tr. 26–28).

### III. STANDARD OF REVIEW

#### a. Substantial Evidence Review

Section 405(g) of Title 42 of the U.S. Code permits judicial review of the Social Security Commissioner's denial of social security benefits. Review by a federal court is not de novo. Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986). Rather, inquiry in disability cases is

3

limited to whether the ALJ (1) supported her findings with substantial evidence and (2) applied the correct law. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 94 (4th Cir. 2020).

Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (quoting Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996)). In other words, substantial evidence is enough relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). However, "[i]n reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgement for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

4

An ALJ must also apply the correct law. A factual finding by the ALJ is only binding if the finding was reached by a proper standard or application of the law. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citing Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980); Williams v. Ribbicoff, 323 F.2d 231, 232 (5th Cir. 1963); Tyler v. Weinberger, 409 F. Supp. 776, 785 (E.D. Va. 1976)).

### b. Sequential Evaluation

The Social Security Administration uses a five-step sequential review process to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520(a) and 416.920(a). An ALJ evaluates a disability claim as follows:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity (RFC), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### c. Residual Functional Capacity (RFC)

RFC is an "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p. RFC "does not represent the least an individual can do despite his or her limitations or restrictions, but the most." Id. RFC is the most someone can do despite their mental and physical limitations. 20 C.F.R. § 404.1545(a)(1). To determine RFC, the adjudicator is instructed to base the assessment on "all of the relevant medical and other evidence." 20 C.F.R § 404.1545(a)(3). Thus, the ALJ's RFC assessment must always consider the medical source opinions of record, and when an ALJ's ultimate RFC assessment conflicts with the opinion of a medical source, the ALJ must explain the reason for rejecting of that opinion. SSR 96-8p.

Social Security Regulations dictate the manner in which an ALJ must evaluate and consider medical opinion evidence. For claims, such as this one, filed after March 27, 2017, 20 C.F.R. §§ 404.1520c, 416.920c applies and requires the ALJ to consider the following factors: (1) Supportability; (2) Consistency; (3) Relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) Specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c). As with the old regulation, "[a] medical source may have a

better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder." 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v).

However, supportability and consistency are now specified as the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). As such, the regulations contain "articulation requirements," which state that the ALJ "will explain" in his decision how the supportability and consistency factors were considered for each medical source opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Supportability is an internal check that references objective medical evidence and supporting explanations that come from the source itself. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1); see also Revisions to Rules, 82 Fed. Reg. at 5853 (defining supportability as "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation"). The regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion or prior administrative medical findings(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency is an external check that references evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); see also Revisions to Rules, 82 Fed. Reg. at 5853 (defining consistency as "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim"). The regulations state that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

7

Finally, the ALJ must support each conclusion with evidence. SSR 96-8p requires the following:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week), or an equivalent work schedule, and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

In other words, "the ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (quoting Mascio v. Colvin, 780 F.3d 632, 694 (4th Cir. 2015) (quoting Monroe, 826 F.3d at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)))). In formulating the RFC, the ALJ may not just pick and choose from the evidence but must consider it in its entirety. Kirby v. Astrue, 731 F. Supp. 2d 453, 456 (E.D.N.C. 2010).

## IV. FINDINGS AND CONCLUSIONS

Plaintiff alleges three errors: (1) the ALJ failed to include, or explain the absence of, limitations to Plaintiff's RFC on account of Plaintiff's mild limitations in all four paragraph B criteria; (2) the ALJ failed to account for Plaintiff's non-severe mental impairments as SSR 96-8p requires, preventing the decision from being supported by substantial evidence; and (3) the ALJ failed to resolve the conflict created by finding Consultative Examiner Dr. Anthony's opinion that Plaintiff would have minor difficulty understanding, retaining, and following instructions, sustaining attention to perform simple repetitive tasks, and mild problems relating to others "persuasive" but failing to adopt any corresponding limitations in the RFC. (Doc. No. 6 at 6–7).

These allegations of error all rest on a common argument: that the ALJ failed to explain the impact of Plaintiff's non-severe mental impairment and corresponding mental limitations on Plaintiff's RFC. The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. For the following reasons, the Court finds that the ALJ's failed to explain the impact of Plaintiff's mental limitations on Plaintiff's RFC.

The ALJ determined Plaintiff's "medically determinable mental impairment of depression with anxiety" to be non-severe, and concluded this non-severe mental impairment resulted in mild limitations in all four paragraph B criteria. If an ALJ finds that a mental impairment results in paragraph B limitations, but those limitations do not impact the complainant's RFC, the ALJ must explain this finding in their decision. Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). Moreover, SSR 96-8p states that the assessment of paragraph B criteria done at steps two and three of the sequential evaluation is distinct from, and does not replace, consideration of the impairments in the RFC assessment. SSR 96-8p ("The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings[....]").

In sum, the law establishes a two-part framework for evaluating mental limitations identified in the paragraph B criteria: First, the ALJ must determine at steps two and three of the sequential evaluation if limitations exist and to what degree. Second, if limitations do exist, the ALJ must do an additional detailed analysis of the limitations and their impact, if at all, on the individual's RFC. See Ashcraft v. Colvin, 3:13-cv-417-RLV-DCK, 2015 WL 9304561, at *19 (W.D.N.C. Dec. 21, 2015). Here, the ALJ identified that limitations (albeit mild) existed, and

therefore was required to explain how Plaintiff's limitations, as a result of her non-severe mental impairment, would impact her RFC.

Despite determining that Plaintiff had mild limitations due to her non-severe mental impairment, the ALJ's RFC did not discuss how those mild limitations impacted Plaintiff's RFC limitations, if at all. Ashcraft, 2015 WL 9304561, at *19 (emphasizing that a finding of "mild" limitations admits "facts exist which correlate with a limitation on the Plaintiff's ability" to perform a relevant work-related function) (citation omitted). The ALJ discussed the persuasive strength of psychological consultants' opinions but failed to relate the persuasive strength or weakness of these opinions to limitations on the Plaintiff's RFC. See McMichael v. Colvin, 1:15-cv-528, 2016 WL 4556768, at *12 (M.D.N.C. Aug. 31, 2016) ("[A]s many other courts in the Fourth Circuit have reasoned, the ALJ's failure to account for mild limitations in the RFC requires remand.") (collecting cases); Boone v. Saul, No. 1:20-cv-00094GCMDCK, 2021 WL 1667228, at **5–6 (W.D.N.C. Apr. 28, 2021) ("[A] finding of mild limitations at Step Two and then a complete failure to discuss mental limitations in the RFC assessment raises Mascio concerns.") (citations omitted). For example, the ALJ found portions of consultative examiner Dr. Cheri Anthony's opinion persuasive. Specifically, the ALJ found Dr. Anthony's opinion that Plaintiff would likely have minor difficulty understanding, retaining, and following instructions, minor problems sustaining attention, and mild problems relating to others persuasive. (Tr. 24). But the ALJ failed to explain how the persuasive portions of Dr. Anthony' opinion impacted, or did not impact, Plaintiff's RFC.

Defendant argues that the ALJ sufficiently addressed Plaintiff's mental limitations in the RFC analysis because the ALJ referenced that Plaintiff "did semi-skilled work in the past" with her mental health symptoms, and the record implied that Plaintiff's condition did not materially worsen at any point relevant to her disability claim. (Tr. 24). According to Defendant, "[t]he ALJ

10

thus found that Plaintiff could perform the same semi-skilled work she had performed previously […], or alternatively, that she could handle less mentally demanding work that existed in significant numbers in the national economy [….]" (Doc. No. 8 at 2). However, the ALJ did not build a logical bridge from that evidence to the conclusion Defendant posits. Accordingly, this Court cannot be sure if that post hoc rationalization is the actual logic the ALJ used in determining Plaintiff's RFC.

V.      **CONCLUSION**

In sum, the ALJ determined that Plaintiff has a non-severe mental impairment of depression with anxiety, and concluded this non-severe mental impairment resulted in mild limitations in all four paragraph B criteria. Therefore, the ALJ was required to discuss how these mild limitations impact Plaintiff's RFC. The ALJ failed to explain the impact of Plaintiff's mild limitations in their RFC analysis. Accordingly, this case will be remanded to the ALJ to clarify how Plaintiff's mental limitations impact her RFC.

**ORDER**

**IT IS, THEREFORE, ORDERED** that for the reasons set forth above, Plaintiff's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**, Defendant's Motion for Summary Judgment (Doc. No. 8) is **DENIED**, and this matter is **REVERSED** and **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order.

Signed: July 31, 2023

.

Max O. Cogburn Jr.
United States District Judge